■ LINDA DAURIA et al., Respondents, v CASTLEPOINT INSURANCE COMPANY, Appellant, et al., Defendants. [960 NYS2d 105]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about February 7, 2012, which, to the extent appealed from, granted plaintiffs' motion for summary judgment and denied defendant CastlePoint Insurance Company's cross motion for summary judgment, unanimously reversed, on the law, without costs, plaintiff's motion denied, the cross motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

In this action arising out of defendant CastlePoint's rescission of a homeowner's insurance policy after a fire at plaintiffs' residence, based on its determination that the premises contained a basement apartment rendering it a "three family" dwelling as opposed to the "two family" designation that was listed on the insurance application, plaintiffs' argument that they did not misrepresent the premises as a two-family dwelling is contrary to this Court's recent decision in Hermitage Ins. Co. v LaFleur (100 AD3d 426 [1st Dept 2012]). There, we held that the only reasonable interpretation of the question "# Families" on an

insurance application is that it seeks the number of separate dwelling units in the building.

Plaintiffs maintain that their response of "2" to this question was correct because all of the residents of the premises lived together as one "family" or "household." However, based on plaintiffs' interpretation, the logical answer would have been "1." Thus, even if, as plaintiffs claim, all the residents of the premises shared a single "household" in the sense of living together, the premises is a three-family dwelling because of its structural configuration, i.e., three separate units, each with its own kitchen, bathroom and separate entrance.

The motion court erred in finding that CastlePoint failed to establish the materiality of the misrepresentation because three-family dwellings are not included among the "unacceptable exposures" listed in its underwriting guidelines. Three-family dwellings are not listed in the "eligibility" section of the policy because CastlePoint does not issue policies to cover such dwellings. That the underwriting guidelines do not specifically exclude them does not indicate otherwise and does not raise an issue of fact to defeat summary judgment.

Nor is there any ambiguity in the policy term "residence premises" which, as relevant here, is defined as "a two family dwelling where you reside in at least one of the family units and which is shown as the 'residence premises' in the Declarations.' " When read in context, as the rules of policy interpretation require (*Harris v Allstate Ins. Co.*, 309 NY 72, 75-76 [1955]), the reference to "family units" makes clear that the named insured need only reside in one of the two "family units" that, by definition, constitute a two-family dwelling. The term "family," as used in "family units," "one family dwelling" and "two family dwelling," necessarily relates to an entire self-contained dwelling unit (*see LaFleur*, 100 AD3d at 427). Since the premises here consists of three dwelling units, it is a three-family dwelling and does not fit within the policy definition of a covered "residence premises." Concur—Gonzalez, P.J., Mazzarelli, Renwick, Richter and Gische, JJ.